UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DAVID DEAN BUZZARD, JR.,

       Plaintiff,

v.                                          Case No. 2:15-cv-06376

DAVID BALLARD, et al.,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

      This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's all of the plaintiff's requests for declaratory and injunctive relief contained in his Second Amended Complaint (ECF No. 25). Furthermore, because the plaintiff's requests for declaratory and injunctive relief were brought against defendant James Rubenstein in his official capacity, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's claim against defendant Rubenstein in his official capacity.

## **PROCEDURAL HISTORY**

This matter is proceeding on the plaintiff's Second Amended Complaint (ECF No. 25). The Second Amended Complaint alleges that, beginning in late August of 2014, while the plaintiff was incarcerated at the Mount Olive Correctional Complex ("MOCC"), a West Virginia Division of Corrections ("WVDOC") facility located within the Southern District of West Virginia, the defendants named in the Amended Complaint, including supervisory defendants, have engaged in conduct that violated the plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments and the Privileges and Immunities Clause, Article 4, § 2 of the United States Constitution.

Specifically, the plaintiff alleges that the defendants have acted in retaliation for his filing of a separate civil action (Case No. 3:14-cv-25533) in this court's Huntington Division concerning an alleged assault of the plaintiff by staff at the Western Regional Jail ("WRJ"), a facility operated by the West Virginia Regional Jail & Correctional Facility Authority ("WVRJCFA"), which is a separate state agency from the WVDOC. The plaintiff contends that the defendants have denied him access to the courts and communication with witnesses and defense counsel in his civil rights matter by denying him postage, refusing to send legal mail, and seizing video evidence that had been produced to him. The plaintiff further alleges that defendant Vladimir Iotov subjected him to an excessive use of force.

However, on or about September 11, 2015, prior to the filing of the Second Amended Complaint, the plaintiff was transferred from MOCC to the Northern Correctional Center ("NCC"), which is within the jurisdiction of the United States District Court for the Northern District of West Virginia. Based upon the plaintiff's transfer, his requests for all forms of declaratory and injunctive relief are now moot.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's claims for declaratory and injunctive relief made in the Second Amended Complaint (ECF No. 25) must be denied as moot, and that such claims brought against defendant Rubenstein in his official capacity must be dismissed.

In light of the plaintiff's transfer to a facility located within the Northern District of West Virginia, this court lacks jurisdiction over the plaintiff's custodian. Thus, if the plaintiff should wish to seek any further injunctive relief based upon the conditions of confinement in his current facility, he must pursue such relief in the United States District Court for the Northern District of West Virginia, after exhausting the available

administrative remedies. This court, however, retains jurisdiction over the plaintiff's claims for monetary damages against the defendants in their individual capacities.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** all of the plaintiff's requests for declaratory and injunctive relief contained in his Second Amended Complaint (ECF No. 25) and **DISMISS** the plaintiff's claims against defendant Rubenstein in his official capacity.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

May 20, 2016

Dwane L. Tinsley
United States Magistrate Judge